```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
```

**EDWARD HIBLER**                                        **CIVIL ACTION**

**VERSUS**                                               **NO. 09-7509**

**SHERIFF MARLIN GUSMAN, ET AL**                         **SECTION "C"(5)**

                    REPORT AND RECOMMENDATION

Plaintiff, Edward Hibler, filed this pro se and in forma pauperis complaint pursuant to 42 U.S.C. §1983, naming as defendants Orleans Parish Sheriff Marlin Gusman, Orleans Parish Prison medical personnel, Dr. Gore and Dr. Hamm, and the City of New Orleans. Hibler alleges that while incarcerated in the Orleans Parish Prison he did not receive adequate medical care.[1] Hibler asserts that at the time of his arrest on July 28, 2009, he had "a broken wrist and HIV and Hepatitis B & C."[2] He complains that the arresting officers, rather than transporting him to a hospital, took him to jail. Hibler, who was not on any medication prior to his arrest, states that he began receiving treatment for his HIV

---

[1] Since filing the instant action, Hibler has been transferred to Elayn Hunt Correctional Center.

[2] Rec. Doc. No. 1, p. 3.

and Hepatitis B & C on November 3, 2009.  Hibler admits that he has suffered no ill effects due to the delay in treatment.[3]  However, Hibler complains that as of November 6, 2009, he still had received "no treatment [for] my broken wrist."[4]

With respect to actions filed in forma pauperis, such as the instant lawsuit, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal-
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or
>
>     (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir.1994).  In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to

---

[3] Rec. Doc. No. 23, pp. 1-2.

[4] Rec. Doc. No. 1, p.3.

pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir.1994).

It is clear that the constitutional rights of an incarcerated person, whether he is a pretrial detainee or a convicted prisoner, may be violated if his serious medical needs are met with deliberate indifference on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir.2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir.1999). However, mere delay in receiving medical care is insufficient to create §1983 liability unless substantial harm resulted. Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir.1993); Bennett v. Louisiana ex rel. Department of Public Safety and Corrections, No. 07-31189, 2009 WL 102080, at *4 (5th Cir. Jan. 15, 2009); Davis v. Kuykendall, 242 Fed. App'x 961, 962-63 (5th Cir.2007). Hibler acknowledges that his health has not worsened because of the delay in receiving treatment for his HIV and Hepatitis B & C.[5]

With regard to his broken wrist, a review of Hibler's medical records reveals that his injury did not result from his arrest or from any event close to the time of his arrest. Instead, it was

---

[5] Rec. Doc. No. 23, pp. 1-2.

approximately two months earlier, in May, 2009, that Hibler suffered a fracture of his left wrist. A May 19, 2009 radiology report from the Medical Center of Louisiana, New Orleans, reflects that Hibler had minimal displacement as a result of the injury. A May 29, 2009 radiology report reflects that the bone alignment had not "changed significantly since a previous study on 5/19/2009."[6]

On May 29, 2009, Hibler's wrist was placed in a cast. There is no evidence that Hibler returned to the Medical Center for follow-up care prior to his arrest. After his arrest, however, the records reflect that Hibler was taken back to the Medical Center for treatment. The fact that Hibler may have been dissatisfied with the medical care he received does not make his claim actionable. Absent exceptional circumstances, a prisoner's disagreement with his medical treatment simply does not constitute deliberate indifference. Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006). Accordingly;

### RECOMMENDATION

IT IS HEREBY RECOMMENDED that Hibler's claims be dismissed with prejudice as frivolous and/or for failing to state a claim on which relief may be granted.

---

[6] A copy of Hibler's medical records have been filed in the record of the above-captioned action.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  21st  day of       March      , 2013.

                                    ALMA L. CHASEZ
                                    UNITED STATES MAGISTRATE JUDGE

5